IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| SERGI VELIAMINOV ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
|         v. ) | 1:12cv142 (JCC/JFA) |
| ) | |
| P.S. BUSINESS PARKS ) | |
| ) | |
|     Defendant. ) | |

## M E M O R A N D U M   O P I N I O N

This matter is before the Court on Defendant Public Storage Business Parks' Motion to Dismiss. [Dkt. 6.] For the following reasons, the Court will deny Defendant's Motion.

### I.   Background

Plaintiff *pro se* Sergei Veliaminov brings a Complaint against his former employer, Public Storage Business Parks, alleging violations of Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967. Mr. Veliaminov asserts that during his employment with Public Storage Business Parks (PSBP) from February 22, 2000, until February 20, 2010, PSBP committed national origin discrimination and age discrimination. (Compl. Detail [Dkt. 1] ¶ 1; Compl. [Dkt. 1] ¶¶ 1-6.)[1] Mr. Veliaminov's allegations involve the following topics: reasons why his employment with PSBP was

---

[1] Plaintiff filed "Detailed Explanations for Complaint" with his Complaint, so the Court cites each document accordingly. [*See* Dkt. 1.]

1

terminated, invitations to PSBP social events, how PSBP valued his life and safety, PSBP's distribution of benefits and salary, and PSBP's references.  (Compl. ¶¶ 1-6.)

Plaintiff alleges that he filed a charge of discrimination with the United States Equal Employment Opportunity Commission (EEOC) on August 25, 2010.  (Compl. at 1.)  When Plaintiff filed his Complaint in the instant case on February 13, 2012, he asserted that the EEOC had not concluded its investigation, but that this Court had subject matter jurisdiction because more than 180 days had passed since Plaintiff filed his charge with the EEOC.  (*Id.*)  Plaintiff submits he sent a request to obtain a right-to-sue letter on February 23, 2012.

On February 29, 2012, the EEOC issued Plaintiff a right-to-sue letter.  (Resp. [Dkt. 9] at 3.)  Also, on February 29, 2012, Defendant filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing this Court is without jurisdiction because Defendant filed his Complaint without having obtained a right-to-sue letter.  [Dkt. 6.]  Plaintiff subsequently received the letter from the EEOC on March 2, 2012.  (Resp. [Dkt. 9] at 1.)  Plaintiff included this letter with his Response filed on March 9, 2012. [Dkt. 9.]  Defendant filed a Reply on March 14, 2012.  [Dkt. 10.]  Also, on March 21, 2012, Plaintiff filed additional support in response

to the Motion. [Dkt. 11.] The Court heard argument in the case on April 6, 2012.

Defendant's Motion is now before this Court.

## II. Standard of Review

A. Jurisdiction

Pursuant to Rule 12(b)(1), a claim may be dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Defendants may attack subject matter jurisdiction in one of two ways. First, defendants may contend that the complaint fails to allege facts upon which subject matter jurisdiction may be based. *See Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982); *King v. Riverside Reg'l Med. Ctr.*, 211 F. Supp. 2d 779, 780 (E.D. Va. 2002). In such instances, all facts alleged in the complaint are presumed to be true. *Adams*, 697 F.2d at 1219; *Virginia v. United States*, 926 F. Supp. 537, 540 (E.D. Va. 1995).

Alternatively, defendants may argue that the jurisdictional facts alleged in the complaint are untrue. *Adams*, 697 F.2d at 1219; *King*, 211 F. Supp. 2d at 780. In that situation, "the Court may 'look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'" *Virginia v. United States*, 926 F. Supp. at 540 (citing *Capitol Leasing Co. v. FDIC*, 999 F.2d 188,

191 (7th Cir. 1993)); *see also Adams*, 697 F.2d at 1219; *Ocean Breeze Festival Park, Inc. v. Reich*, 853 F. Supp. 906, 911 (E.D. Va. 1994); *Velasco v. Gov't of Indonesia,* 370 F.3d 393, 398 (4th Cir. 2004) (holding that "the district court may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment"). In either circumstance, the burden of proving subject matter jurisdiction falls on the plaintiff. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Adams*, 697 F.2d at 1219; *Johnson v. Portfolio Recovery Assocs.,* 682 F. Supp. 2d 560, 566 (E.D. Va. 2009) (holding that "having filed this suit and thereby seeking to invoke the jurisdiction of the Court, Plaintiff bears the burden of proving that this Court has subject matter jurisdiction").

    B. <u>Pro Se Plaintiff</u>

   Complaints filed by *pro se* plaintiffs are construed more liberally than those drafted by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). "However inartfully pleaded by a *pro se* plaintiff, allegations are sufficient to call for an opportunity to offer supporting evidence unless it is beyond doubt that the plaintiff can prove no set of facts entitling him to relief." *Thompson v. Echols*, No. 99-6304, 1999 U.S. App. LEXIS 22373, at *3 (4th Cir. Sept. 15, 1999) (citing *Cruz v. Beto*, 405 U.S. 319 (1972)). While a court is not expected to

develop tangential claims from scant assertions in a complaint, if a *pro se* complaint contains potentially cognizable claims, the plaintiff should be allowed to particularize those claims. *Id.* (citing *Beaudett v. City of Hampton*, 775 F.2d 1274 (4th Cir. 1985); *Coleman v. Peyton*, 340 F.2d 603, 604 (4th Cir. 1965)). Such liberal construction is not limited to the Complaint; rather it is applied to all documents filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." (internal quotation marks and citation omitted)); *Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002) (noting "the long-standing practice" that courts "construe *pro se* pleadings liberally").

### III. Analysis

Defendant argues that this Court is without subject matter jurisdiction because Plaintiff must obtain a right-to-sue letter before proceeding to federal court.  (Def.'s Mem. [Dkt. 7] at 2.)  Defendant submits that failure to obtain the letter before filing suit is reason alone to dismiss.  (Reply [Dkt. 10] at 1-2.)  Defendant also submits that because Defendant filed its Motion to Dismiss before Plaintiff received the EEOC's

right-to-sue letter, this Court must dismiss Plaintiff's Complaint.  (Reply at 2.)

Plaintiff counters that this Court has subject matter jurisdiction because more than 180 days passed from the day he filed his charge with the EEOC and the agency had not taken action.  (Compl. at 1.)  Thus, he submits he was entitled to a right-to-sue letter from the EEOC.  (Resp. at 1.)  Plaintiff also contests Defendant's interpretation of the necessary timing of receipt of a right-to-sue letter, pointing out that he now has the letter and arguing that he contacted the EEOC to obtain the right-to-sue letter prior to filing the Complaint, but did not receive the letter in time.  (Resp. [Dkt. 9] at 1.)

    A.    Title VII

        i.    Exhaustion of Administrative Remedies

"[A] failure by the plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim." *Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009) (citing *Davis v. N.C. Dep't of Corr.*, 48 F.3d 134, 138-40 (4th Cir. 1995)).  "The same is true of claims made under the ADEA."  *Id.* at 300-01 (citing 29 U.S.C.A. § 626(d); *Vance v. Whirlpool Corp.*, 707 F.2d 483, 486-89 (4th Cir. 1983).)

Turning first to Title VII exhaustion, "42 U.S.C. § 2000e-5(f)(1) requires an individual to obtain a Notice of Right

to Sue from the EEOC before bringing suit in a federal court on a Title VII claim." *Marston v. AT&T Corp.*, 210 F.R.D. 573, 574 (E.D. Va. 2002). Specifically, the statute states:

> If a charge filed with the Commission . . . is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge or the expiration of any period of reference . . . whichever is later, the Commission has not filed a civil action under this Section . . ., or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission . . . shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge.

42 U.S.C. § 2000e-5(f)(1).[2] This notice is commonly referred to as a "right-to-sue letter."

"To ensure that a plaintiff has exhausted all the administrative remedies and adhered thereby to the Congressional conciliation scheme, courts generally hold that the right-to-sue letter is a jurisdictional prerequisite to a Title VII suit." *White v. Fed. Express Corp.*, 729 F. Supp. 1536, 1551-52 (E.D. Va. 1990) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 798 (1973)). "But, because Title VII is a remedial statute, courts usually construe its provisions generously to

---

[2] The "administrative procedures [are] contained in 42 U.S.C. § 2000e-5(b), which requires an investigation and determination by the EEOC as to whether 'reasonable cause' exists to believe that the charge of discrimination is valid." *Ray v. Amelia Cnty. Sheriff's Office*, 302 F.App'x 209, 212 (4th Cir. Va. 2008).

7

achieve its purpose." *Id.* (citing *Henderson v. E. Freight Ways, Inc.*, 460 F.2d 258, 260 (4th Cir. 1972) (per curiam).

Thus, the Fourth Circuit has "long held that receipt of, *or at least entitlement to*, a right to-sue letter is a jurisdictional prerequisite that must be alleged in a plaintiff's complaint." *Davis*, 48 F.3d at 140 (emphasis added). In *Perdue v. Roy Stone Transfer Corp.*, 690 F.2d 1091, 1093 (4th Cir. 1982), the Fourth Circuit held that, "[i]n our view, it is entitlement to a 'right to sue' notice, rather than its actual issuance or receipt, which is a prerequisite to the jurisdiction of the federal courts under § 2000e-5(f)(1)." The Court explained, "[t]he Commission's failure actually to issue the notice cannot defeat the complainant's statutory right to sue in the district court, for '[a] Title VII complainant is not charged with the commission's failure to perform its statutory duties.'" *Id.* (citing *Russell v. American Tobacco Co.*, 528 F.2d 357, 365 (4th Cir. 1975)).

The Fourth Circuit confirmed this principle in *Moore v. City of Charlotte*, when it again found that "[e]ntitlement to the letter, without actual receipt of it, is sufficient to support federal jurisdiction." 754 F.2d 1100, 1104 n. 1 (4th Cir. 1985) (holding that plaintiff was permitted to maintain Title VII suit despite the fact that the right-to-sue letter was issued by the wrong government entity). "*Perdue* and *Moore*

8

establish that entitlement to the letter is sufficient. . ." and "[t]his sensible principle . . . give[s] effect to the teaching of *Henderson* that Title VII be generously construed to achieve its important goal of providing a remedy for [] discrimination in employment." *White*, 729 F. Supp. at 1552. Thus, Defendant errs when it suggests that a complaint filed before receipt of an EEOC right-to-sue letter must always be dismissed.

Here, Plaintiff had not heard from the EEOC in well over 180 days, which is to say the EEOC has not dismissed the charge, filed a civil action, or entered into a conciliation agreement with Plaintiff for more than 180 days. Thus, pursuant to 42 U.S.C. § 2000e-5(f)(1), Plaintiff was entitled to a right-to-sue letter regarding his Title VII claims at the time he filed the Complaint in this Court. Thus, this Court has subject matter jurisdiction over Plaintiff's Title VII claim.

ii. <u>Subsequent Receipt of Right-To-Sue Letter</u>

Additionally, Plaintiff's receipt of the right-to-sue letter from the EEOC prior to dismissal cures any potential defect. Defendant relies on *Worth v. Tyer*, 276 F.3d 249, 255 (7th Cir. 2001) for the argument that Plaintiff's receipt of a right-to-sue letter cannot be considered because Defendant moved to dismiss the Complaint three days before Plaintiff received the EEOC right-to-sue notice. (Reply at 2.) In *Worth*, the Seventh Circuit considered a slightly different factual

situation in which a plaintiff filed a complaint without having received a right-to-sue letter, but received the letter before the defendants filed their motion to dismiss. *Id.* at 259. The Court concluded that "defendants' argument [to dismiss] fails because it was not raised before [plaintiff] received the October 21, 1996 right-to-sue letter." *Id.* Similarly, the Fourth Circuit in *Henderson v. Eastern Freight Ways, Inc.*, stated "[w]hile up to the time this 'suit-letter' on the second charge was issued the pending complaint of the employee was properly subject to a motion to dismiss, the issuance of the 'suit-letter' validated the pending action, based on the second charge against both union and employer, and the District Court erred in dismissing it." 460 F.2d at 259.

Neither case, however, addressed the instant situation where the letter was received after the motion to dismiss was filed, but while the case was still pending, and in fact before the response to the motion was filed.[3] And, the Fourth Circuit in *Henderson*, in addition to noting that the Act "should be generously construed to achieve its purposes," stated that "it is a general a policy of law to find a way in which to prevent

---

[3] Defendant also relies on *Blake v. Burger King Corp.*, No. 3:10CV675, 2011 U.S. Dist. LEXIS 41721, at *3 (E.D. Va. April 18, 2011), where the Court found that although plaintiff filed a charge of discrimination with the EEOC, he failed to show he exhausted his administrative remedies with the EEOC and failed to produce a right-to-sue letter from the EEOC. Neither is the case here.

10

loss of valuable rights, not because something was done too late but rather before it was done too soon."[4]  460 F.2d at 260.

Here the action remained pending and Plaintiff received the letter in time to include it is its Response to the Motion to Dismiss.  Thus, the Court concludes that any potential pleading deficiency in the original complaint was cured when Mr. Veliaminov received his right-to-sue letter.  *See Miller v. Balt. Gas & Elec. Co.*, 202 F.R.D. 195, 204-05 (D. Md. 2001) (noting that the Fourth Circuit has never formally required an amended complaint for the inclusion of a right-to-sue letter and holding that the deficiency in the complaint was cured when plaintiff received the letter).

B.   ADEA

Turning next to the ADEA, "[b]efore bringing a civil action under the ADEA, a plaintiff must file a charge of discrimination with the EEOC." *Cross v. Suffolk City Sch. Bd.*, No. 2:11cv88, 2011 U.S. Dist. LEXIS 75970, at *22 (E.D. Va. July 14, 2011) (citing 29 U.S.C. § 626(d)(1); *Jones*, 551 F.3d at 300).  Specifically, 29 U.S.C.A. § 626(d)(1) states, "[n]o civil action may be commenced by an individual under this section

---

[4] Also, *Wroth* relies on earlier Seventh Circuit precedent that made clear that the question is whether the right-to-sue letter was received prior to dismissal.  The Court found that "[w]hile [the claims] may have been subject to dismissal at any time prior to [the plaintiff's] receipt of a right-to-sue letter, the receipt of that letter after the complaint had been filed, but before it had been dismissed, effectively cured the deficiency in the original complaint." *Perkins v. Silverstein*, 939 F.2d 463, 471 (7th Cir. 1991) (citing, among others, *Perdue*, 690 F.2d at 1093; *Henderson*, 460 F.2d at 260).

11

until 60 days after a charge alleging unlawful discrimination has been filed with the Secretary [Commission]."  Here, Plaintiff had not heard from the EEOC in well over 60 days from the date the charge was filed.  Thus, the Court has subject matter jurisdiction over Plaintiff's ADEA claim.

## IV.  Conclusion

For these reasons, the Court will deny Defendant's Motion to Dismiss.

An appropriate Order will issue.

```
                            _____/s/_____
April 17, 2012                   James C. Cacheris
Alexandria, Virginia     UNITED STATES DISTRICT COURT JUDGE
```